**Mark Tyler ANTHONY,
Plaintiff–Appellant,**

v.

**Dalton A. ROBERSON, Judge; Gershwin A. Drain; the City of Detroit, Defendants–Appellees.**

No. 01–1584.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2001.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

## ORDER

Mark Tyler Anthony, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable and monetary relief, Anthony sued the City of Detroit, and Judge Dalton Roberson and Judge Gersh-

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

win Drain, judges of the former Recorder's Court for the City of Detroit which is now re-organized as the criminal court division of the Wayne County Circuit Court. Anthony alleged that a City of Detroit police officer named Gerald Lewis, under orders from unknown superiors in the Detroit police department and the City of Detroit, arrested Anthony in violation of the Fourth Amendment and destroyed exculpatory evidence which resulted in his conviction of various sex crimes against minor male children. Anthony further alleged that the defendant judges conspired with defense counsel and others to achieve Anthony's convictions due to their anti-homosexual bias. The district court dismissed the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, as frivolous and for failure to state a claim upon which relief may be granted. This timely appeal followed.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Anthony's complaint. Anthony fails to state a claim under § 1983 as his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). There is no evidence that Antho-

ny's sex crimes have been reversed by the Michigan state courts, questioned by a federal writ of habeas corpus, or otherwise terminated in Anthony's favor. Because Anthony's arguments necessarily attack the legality of his conviction, his civil rights action is barred by the holding in *Heck*. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir.1999).

■ Moreover, Judge Roberson and Judge Drain are entitled to immunity. A judge has absolute immunity from civil suits for monetary damages unless the judge has acted in a non-judicial capacity or has performed judicial acts in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir. 1997). Here, Anthony is complaining of judicial acts by Judge Roberson and Judge Drain. As Michigan Circuit Court judges, Judge Roberson and Judge Drain had subject matter jurisdiction to preside over matters pertaining to the felony criminal charges against Anthony and his subsequent post-conviction proceedings in the trial court. A complaint which seeks damages is frivolous and must be dismissed as to any defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A; *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827.

■ Anthony's conspiracy claims are simply broad allegations, void of the factual specificity required to state a claim under § 1983. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Such conclusory allegations also do not negate the fact that the only factually specific acts and omissions concerning Judge Roberson and Judge Drain of which Anthony complains are judicial acts taken in a judicial capacity.

**422**

■ Finally, the district court properly dismissed the complaint against the City of Detroit. Municipal entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir.1993). The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir.1993). A governmental entity may not be sued under § 1983 for an injury inflicted solely because it employed a tortfeasor; the doctrine of respondeat superior simply does not apply to § 1983 suits. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Anthony's only allegations supporting his claim that a government policy caused his arrest and conviction are his vague and conclusory conspiracy claims that unnamed officials in the government of the City of Detroit ordered his arrest without probable cause. These conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused Anthony's illegal arrest. *See Gutierrez*, 826 F.2d at 1538.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.